```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA


FLOURNOY CONSTRUCTION                          CIVIL ACTION
COMPANY, LLC


VERSUS                                         NO: 04-3098


SLIDELLA, LLC                                  SECTION: "J" (5)
```

**ORDER AND REASONS**

Before the Court is Third-Party Defendant, United National Insurance Company's Motion for Summary Judgment. (Rec. Doc. 208.) The motion is opposed. (Rec. Doc. 217.) In addition, a Motion for Summary Judgment by Essex Insurance Company (Rec. Doc. 218) and another by Admiral Insurance Company (Rec. Doc. 220), both set for hearing on May 24, 2006, make arguments identical to United National's. These motions will be decided along with United National's motion. Having considered the record, the memoranda of counsel with attached exhibits, and the applicable law the Court finds that these motions should be DENIED because material facts remain at issue.

## BACKGROUND

Defendant Slidella contracted with Plaintiff Flournoy Construction Company to build an apartment complex in St. Tammany Parish called Greenbriar Estates. At the end of the project Slidella refused to pay the final installment owed under the construction contract because of alleged defects in the construction. Flournoy sued to enforce the contract. Slidella answered and counterclaimed that Flournoy's defective work breached the contract and caused damages to Slidella. As a result of the counterclaim against it, Flournoy filed third-party complaints against subcontractors who had performed work under the contract and their primary and excess insurers, alleging that if Flournoy was held liable for damages to Slidella, then they were liable to Flournoy. United National, an excess insurance provider for one of the subcontractors, filed this summary judgment motion denying coverage for any defects and denying any duty to defend.

## LEGAL STANDARD

Summary Judgment is appropriate if "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the initial burden of demonstrating the absence of a

genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If that burden has been met, the non-moving party must then come forward and establish the specific material facts in dispute to survive summary judgment. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 588 (1986).

## DISCUSSION

In order for United National to be liable for property damage under its excess insurance policy an "occurrence" causing that damage must take place during the policy period. United National argues that according to Louisiana jurisprudence an occurrence does not take place until the damage manifests itself or is discovered. United National's policy period began on January 29, 2003, and expired on January 17, 2004, and was not renewed. United National argues that defendant Slidella's counterclaim establishes that the alleged defects in construction were only discovered after June 11, 2004. Therefore, United National concludes that the occurrence did not take place during its policy period and that it has no liability.

Slidella's counterclaim provides in relevant part:

> The Architect certified Substantial Completion of the Greenbrier Project on June 11, 2004, over ten months after the contractually required completion date. Subsequently it was discovered that as a result of Flournoy's poor workmanship and administration of the Contract...the Project was not in fact substantially

3

completed in accordance with the Contract.

(Rec. Doc. 4 ¶ 22.)

Flournoy argues that this language is ambiguous insofar as discovery that the contract was not substantially complete does not necessarily mean that the alleged defects remained undiscovered until that time. The Court agrees that the language in the counterclaim is insufficiently clear to support summary judgment. In addition, Flournoy has attached business records and letters to its opposition that indicate that Slidella was aware of some of the defects upon which it bases its counterclaims since sometime before June 19, 2003.

The ambiguity of United National's factual basis coupled with Flournoy's evidence that the defects were discovered during the policy period indicates that there exists a genuine issue of material fact as to when the alleged occurrences manifested themselves. Therefore summary judgment is inappropriate. Because summary judgment is inappropriate even under United National's "manifestation" interpretation, the Court does not decide whether that interpretation is in fact a correct application of Louisiana law to the circumstances of this case.

United National notes that under its excess insurance policy it only owes a duty to defend after the underlying primary

4

insurance policy has been exhausted. This is clearly the case, and in denying summary judgment the Court does not mean to imply that United National, or any other excess insurer, owes a duty to defend before the primary insurance has been exhausted.

The motions of Essex and Admiral are based on the same language in Slidella's counterclaim. Because a question exists whether covered occurrences may have taken place during their effective policy periods summary judgment is inappropriate for them as well.

## CONCLUSION

United National has failed to establish facts sufficient to support summary judgment. Even if it had, Flournoy has sustained its burden of coming forward with evidence sufficient to create a genuine issue of material fact as to each of the three summary judgment motions currently pending.

Accordingly,

**IT IS ORDERED** that United National Insurance Company's Motion for Summary Judgment (Rec. Doc. 208) is **DENIED;**

**IT IS FURTHER ORDERED** that Essex Insurance Company's Motion for Summary Judgment by (Rec. Doc. 218) is **DENIED;**

**IT IS FURTHER ORDERED** that Admiral Insurance Company Motion

for Summary Judgment (Rec. Doc. 220) is **DENIED**.

New Orleans, Louisiana this the 22nd day of May, 2006.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE