```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA


FLOURNOY CONSTRUCTION                        CIVIL ACTION
COMPANY, LLC


VERSUS                                       NO: 04-3098


SLIDELLA, LLC                                SECTION: "J" (5)
```

**ORDER AND REASONS**

Before the Court is Third-Party Defendant, Commercial Flooring & Mini Blinds, Inc.'s FRCP 12(b)(6) Motion to Dismiss. (Rec. Doc. 246.) The motion is opposed. (Rec. Doc. 257.) For the following reasons the Court finds that the motion should be DENIED.

**BACKGROUND**

Defendant Slidella contracted with Plaintiff Flournoy Construction Company to build an apartment complex in St. Tammany Parish called Greenbriar Estates. At the end of the project Slidella refused to pay the final installment owed under the construction contract because of alleged defects in the

1

construction. Flournoy sued to enforce the contract. Federal jurisdiction is based on diversity of citizenship under 28 U.S.C. § 1332. Slidella answered and counterclaimed that Flournoy's defective work breached the contract and caused damages to Slidella. As a result of the counterclaim against it, Flournoy filed third-party complaints against subcontractors who had performed work under the contract and their primary and excess insurers, alleging that if Flournoy was held liable for damages to Slidella, then they were liable to Flournoy. Commercial Flooring, a subcontractor and third-party defendant, filed the instant motion seeking that all claims except those arising under the Louisiana New Homes Warranty Act ("NHWA") be dismissed.

## LEGAL STANDARD

When evaluating a Rule 12(b)(6) motion to dismiss for failure to state a claim, the Court must accept as true all well-plead allegations and resolve all doubts in favor of the plaintiff. *Tanglewood East Homeowners v. Charles-Thomas, Inc.*, 849 F.2d 1568, 1572 (5th Cir. 1988). A Rule 12(b)(6) motion should be denied unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id.* (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). Rule 12(b)(6) motions are disfavored and

rarely granted. *Id.* (quoting *Sosa v. Coleman*, 646 F.2d 991, 993 (5th Cir. 1981)).

## DISCUSSION

The NHWA "provides the exclusive remedies, warranties, and peremptive periods as between a builder and owner relative to home construction and no other provisions of law relative to warranties and redhibitory vices and defects shall apply." La. R.S. § 9:3150. The NHWA provides certain minimum warranties that every "builder" makes to every "owner" of a new "home". The operative terms are all defined by the act. "Builder" means "any person... or other entity which constructs a home, or addition thereto." La. R.S. § 9:3143(1). There seems no question that Flournoy and its subcontractors are "builders" under the act if the apartment complex is a "home." "'Owner' means the initial purchaser of a home" and any of his successors during the effective warranty periods. *Id.* § 9:3143(6). "'Initial Purchaser' means any person for whom a home is built or the first person to whom a home is sold upon completion of construction." *Id.* § 9:3143(4). "'Home' means any new structure designed and used only for residential use, together with all attached and unattached structures, constructed by the builder....Such term includes structures containing multiple family dwellings or residences."

*Id.* § 9:3143(3).

Commercial Flooring argues that the prerequisites for applying the NHWA are present in this case. Greenbriar Estates is a "home" under the NHWA because it is a structure containing multiple family dwellings. Slidella is a "person for whom a home is built." Therefore, Commercial Flooring argues that the NHWA excludes any other "remedies, warranties, and peremptive periods."

Slidella's opposition is two-fold. First, Slidella argues that the NHWA does not apply to a twelve-million dollar commercial contract to build a 144-unit apartment complex. Second, Slidella argues that the NHWA does not exclude breach of contract claims. The Court finds both of Slidella's arguments convincing.

No Louisiana courts have applied the NHWA to an apartment complex; neither have any rejected its application. Commercial Flooring relies on dicta from two appellate cases dealing with the applicability of the NHWA to mobile homes as persuasive precedential support for its position. The Louisiana Third Circuit Court of Appeals has opined that "[i]n the NHWA, the clear meaning of "include" is an expansion of the word "home" to encompass multiple family dwellings or residences, e.g.,

apartment complexes." *Simmons v. Southern Energy Homes, Inc.*, 783 So. 2d 636, 640 (La. App. 3 Cir. 2001); *Dalme v. Blocker's Manufactured Homes, Inc.*, 779 So. 2d 1014, 1019 (La. App. 3 Cir. 2001) (same exact language). Unfortunately neither of these cases examines the application of the term "home" to apartment complexes, and neither case depends on the application of the NHWA to apartment complexes. These dicta do not apply Louisiana's law to the issue and do not offer much guidance to this Court.

Analysis of the statute itself reveals that, although it is possible to shove an apartment complex into the conceptual box of a NHWA "home" if one focuses on the inclusion of a "multiple family dwelling" in the definition, a broader reading incorporating the term into the rest of the NHWA verifies that such a strained interpretation cannot be correct. The first section of the NHWA, entitled "Purpose" informs that "[t]he legislature finds a need to promote commerce in Louisiana by providing clear, concise, and mandatory warranties for the purchasers and occupants of new homes in Louisiana and by providing for the use of homeowners' insurance as additional protection for the public against defects in the construction of new homes." Thus the Act is meant to require certain minimum warranties and then have homeowners' insurance handle other

problems not covered by warranty or contract. The heart of the NHWA, section 9:3144, provides that "[t]he provisions of Subsection A of this Section establish minimum required warranties and shall not be waived by the owner or reduced by the builder provided the home is a single or multiple family dwelling ***to be occupied by an owner as his home***." La. R.S. § 3144(C). Slidella is a Limited Liability Company and cannot occupy Greenbriar Estates as its home. The concept does not really apply. Slidella could waive the minimum required warranties of the NHWA or Flournoy could reduce those minimum required warranties. So the first purpose of the legislation, providing clear mandatory warranties, is not fulfilled when applied to large commercial ventures such as Greenbriar Estates. Slidella also points out that as an LLC that owns an apartment complex it does not have homeowners' insurance but commercial property and general liability insurance. Of course, none of the tenants would acquire homeowners' insurance against construction defects. Therefore, neither purpose of the NHWA is fulfilled by applying it to this situation.

The basic dissonance with the purposes of the NHWA is echoed in numerous other specifics. Consider the inclusiveness of the definition of builder as compared to the definition of initial

purchaser. A "builder" under the NHWA includes "any person, corporation, partnership, limited liability company, joint venture, or other entity," whereas "initial purchaser" only specifies "any person for whom a home is built or the first person to whom a home is sold." La. R.S. § 9:3143. Both the builder and the purchaser here are business entities rather than natural persons. The specification of business entities as builders but not as purchasers is hardly conclusive, but it is telling. Similarly, the "'Warranty commencement date' means the date that legal title to a home is conveyed to its initial purchaser or the date the home is first occupied, whichever occurs first." La. R.S. § 9:3143(7). Title has not been conveyed to Slidella, nor has Slidella occupied the home. As with section 3144(C)'s requirement that the owner occupy the dwelling as his home, the commencement date does not readily apply to this commercial development situation.

    The Court is reluctant to specifically construe any particular provision of the NHWA in such a way as to foreclose on its ever being applied to entity owners, commercial ventures, or apartment complexes. But the Court has no trouble determining that the NHWA does not apply to Slidella's claims over the construction of Greenbriar Estates.

In addition, the Court cannot dismiss all claims "except for those claims arising under the" NHWA, because parties may contract for greater obligations than those under the NHWA. Where the NHWA applies, it only excludes claims made under "provisions of law relative to warranties and redhibitory vices and defects." La. R.S § 3150. It does not exclude breach of contract claims. "Although the HWA controls over other Louisiana warranty and redhibitory defects law, it contains no language forbidding the parties to enter into a valid building contract. Certainly, it provides that the minimum warranties may not be waived, but it also recognizes areas where the builder may contractually assume obligations primarily excluded by the HWA." *Thibodaux v. Arthur Rutenburg Homes, Inc.*, 928 So. 2d 80, 85 (La. App. Cir. 1 2005) (citations omitted). Section 9:3144(B) provides that "[u]nless the parties otherwise agree in writing, the builder's warranty shall exclude the following items" and then goes on to extensively list potential damage that is not warranted against. By implication warranties that are agreed to in writing are not excluded. Slidella asserts that the building contract with Flournoy includes extensive specific requirements and more onerous obligations than those guaranteed by the NHWA. Therefore, even if the NHWA applied to the construction of Greenbriar

Estates, Commercial Flooring's Motion to Dismiss must fail because there are theories of recovery available apart from the NHWA.

## CONCLUSION

The Court concludes that the NHWA does not apply to Slidella's ownership of Greenbriar Estates apartment complex. In addition, Slidella could recover for breach of contract claims even if the NHWA did apply.

Accordingly,

**IT IS ORDERED** that Third-Party Defendant, Commercial Flooring & Mini Blinds, Inc.'s FRCP 12(b)(6) Motion to Dismiss (Doc. 246 ) is **DENIED**.

New Orleans, Louisiana this the 18th day of August, 2006

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE